UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERELL CHANEY JOHNSON,

        Petitioner,        Case No. 1:16-cv-675

v.        Honorable Gordon J. Quist

CARMEN PALMER,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

### Factual Allegations

Plaintiff Jerell Chaney Johnson presently is incarcerated at the Michigan Reformatory. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted

of second-degree murder, MICH. COMP. LAWS § 750.317, assault with intent to do great bodily harm less than murder, MICH. COMP. LAWS § 750.84, being a felon in possession of a firearm, MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b.  On July 1, 2013, Petitioner was sentenced to respective prison terms of 40 to 80 years, 4 to 10 years, 2 to 5 years, and 2 years.

Petitioner appealed his convictions and sentences to the Michigan Court of Appeals, raising the following two issues:

> I. DID THE INSUFFICIENT EVIDENCE PRESENTED DURING THE DEFENDANT-APPELLANT'S TRIAL ON THE ELEMENT OF IDENTITY, TO SUPPORT THE JURY'S VERDICTS OF GUILTY OF ONE COUNT EACH OF SECOND DEGREE MURDER, ASSAULT WITH INTENT TO DO GREAT BODILY HARM LESS THAN MURDER (AGBH), FELON IN POSSESSION OF A FIREARM WHILE INELIGIBLE (FELON IN POSSESSION), AND POSSESSION OF A FIREARM IN THE COMMISSION OF A FELONY (FELONY FIREARM), CONSTITUTE A DENIAL OF THE DUE PROCESS OF LAW GUARANTEED BY THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION?
>
> II. DOES THE SENTENCE OF FROM FORTY YEARS TO EIGHTY YEARS, IMPOSED PURSUANT TO THE DEFENDANT-APPELLANT'S CONVICTION FOR ONE COUNT OF SECOND DEGREE MURDER, AND TO BE SERVED CONSECUTIVE TO THE TWO YEAR PRISON TERM IMPOSED PURSUANT TO HIS CONVICTION FOR FELONY FIREARM, CONSTITUTE A VIOLATION OF THE GUARANTEE AGAINST CRUEL AND UNUSUAL PUNISHMENT PROVIDED BY THE UNITED STATES CONSTITUTION AND THE GUARANTEE AGAINST CRUEL OR UNUSUAL PUNISHMENT PROVIDED BY THE MICHIGAN CONSTITUTION?

(Pet., ECF No. 1, PageID.2)  In an unpublished opinion issued on October 23, 2014, the court of appeals rejected both appellate grounds and affirmed the convictions and sentences.  (10/23/14 Mich. Ct. App. (MCOA) Op., ECF No. 2-1, PageID.70-72.)  Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same two issues.  The supreme court denied leave to appeal on April 28, 2015.

Petitioner filed his habeas petition on or about June 1, 2016, raising the same two issues presented to and rejected by the Michigan appellate courts.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38

(2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo*

review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### I. Sufficiency of the Evidence

Petitioner contends that the evidence was insufficient to support the jury's finding that Petitioner was the person who committed the offense. He contends that one of the victims, Dontavias, gave conflicting descriptions of the perpetrator in two different statements, one at the scene of the shooting and one at the preliminary examination. Both statements were modified during the witness' trial testimony. The other witness who identified Petitioner was Pierre Bell, who was the person Dontavias initially identified as the shooter. Petitioner contends that, in light of the conflicting stories and the incentive of Bell to lie, no reasonable jury could have concluded beyond a reasonable doubt that Petitioner was the shooter.

A § 2254 challenge to the sufficiency of the evidence is governed by the standard set forth by the Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), which is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." This standard of review recognizes the trier of fact's responsibility to resolve reasonable conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id.* Issues of credibility may not be reviewed by the habeas court under this standard. *See Herrera v. Collins*, 506 U.S. 390, 401-02 (1993). Rather, the habeas court is required to examine the evidence supporting the conviction, in the light most favorable to the prosecution, with specific reference to the elements of the crime as established by state law. *Jackson*, 443 U.S. at 324 n.16; *Allen v. Redman*, 858 F.2d 1194, 1196-97 (6th Cir. 1988).

The *Jackson v. Virginia* standard "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. Moreover, because both the *Jackson* standard and AEDPA apply to Petitioner's claims, "'the law commands deference at two levels in this case: First, deference should be given to the trier-of-fact's verdict, as contemplated by *Jackson*; second, deference should be given to the Michigan [trial court's] consideration of the trier-of-fact's verdict, as dictated by AEDPA.'" *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc) (quoting *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008)). This standard erects "a nearly insurmountable hurdle" for petitioners who seek habeas relief on sufficiency-of-the-evidence grounds. *Id*. at 534 (quoting *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).

The Michigan Court of Appeals addressed the claim as follows:

Defendant first argues that he was denied his right to due process because the evidence of his identity was not sufficient to support the jury's verdicts. We disagree. In a criminal case, due process requires that the prosecution introduce evidence sufficient to justify a trier of fact in concluding that the defendant is guilty beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 722-723; 597 NW2d 73 (1999). We review the evidence de novo, in the light most favorable to the prosecution, to determine if a rational trier of fact could find that the elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992).

Defendant argues that the testimony of the witnesses who identified him as the shooter was contradictory, inconsistent, unreliable, and not credible. Identity is an essential element of every crime that must be proven beyond a reasonable doubt. *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976); *People v Yost*, 278 Mich App 341, 356; 749 NW2d 735 (2008). Identity may be established by circumstantial evidence and reasonable inferences drawn from the evidence. *People v Nelson*, 234 Mich App 454, 459; 594 NW2d 114 (1999). "[T]his Court has stated that positive identification by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

In this case, the surviving victim positively identified defendant. The evidence shows that the shooter stood directly over the surviving victim when he aimed the gun at his head and shot him a second time, and the victim had a clear look at the shooter's face. While the record does indicate some inconsistencies in defendant's and the other witnesses' statements, there was also evidence that the witnesses were panicky, angry, sorrowful, and in severe emotional states when some of the initial statements were given immediately after the shooting and that defendant and his family had threatened several of the witnesses, including the surviving victim. The jury was free to believe or disbelieve, in whole or in part, any of the evidence. *People v Perry*, 460 Mich 55, 63; 594 NW2d 477 (1999). It was the jury's job to assess the credibility of the witnesses, *People v Lemmon*, 456 Mich 625, 647; 576 NW2d 129 (1998), and "to determine the weight to be accorded any inferences," *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013). The jury had sufficient evidence to conclude that any inconsistencies in the testimony were the result of the witnesses either being threatened or being in an emotional state that made it difficult to give accurate recollections. "The credibility of identification testimony is a question for the trier of fact that we do not resolve anew." *Davis*, 241 Mich App at 700. Viewing the evidence in the light most favorable to the prosecutor, we find that the evidence was sufficient to determine that a rational trier of fact could find that the element of identity was proven beyond a reasonable doubt. Accordingly, we conclude that defendant was not denied his right to due process.

(MCOA Op., 1-2.) Although the court of appeals relied on state cases in analyzing the issue, those cases relied in turn on *Jackson*, 443 U.S. 307. *See People v. Johnson*, 597 N.W.2d 73, 75 (Mich. 1999) (reiterating the standard first articulated in *Jackson*); *People v. Wolfe*, 489 N.W.2d 748, 751 (1992) (recognizing the *Jackson* standard and its regular application by the Michigan courts).

Moreover, the court of appeals properly applied the *Jackson* standard in this case. Despite Petitioner's argument that the jury should not have believed the witnesses' testimony because of certain inconsistencies in the statements, he does not dispute that the witnesses testified that he was the shooter. As the state court recognized, any contradictions in the evidence were for the jury to resolve. Petitioner fails to overcome the double deference owed to the court of appeals' determination. His first habeas ground therefore should be dismissed for lack of merit.

II.     Cruel and Unusual Punishment

In his second habeas ground, Petitioner argues that his sentence of 40 to 80 years for second-degree murder, especially when ordered to be served consecutively to his two-year sentence for felony firearm, amounted to cruel and unusual punishment under the Eighth Amendment and cruel or unusual punishment under the Michigan constitution.

To the extent that Petitioner argues that his sentence amounted to cruel or unusual punishment under the Michigan constitution, his claim is not cognizable on habeas review. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S.

at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

To the extent that Petitioner raises an Eighth Amendment claim under the United States Constitution, his claim lacks merit. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S. 263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Ordinarily, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence does not present the extraordinary case that runs afoul of the Eighth Amendment's ban of cruel and unusual punishment.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A

-10-

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: October 7, 2016                             /s/ Gordon J. Quist
                                                         GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE